UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THOMAS NGUYEN,

       Plaintiff,

    -- against --

BANK OF AMERICA and BRIAN
MOYNIHAN,

       Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1243 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Thomas Nguyen ("Nguyen"), proceeding *pro se*, commenced this action on February 26, 2014.[1] Viewed liberally, the complaint alleges that defendants Bank of America and Brian Moynihan, its Chief Executive Officer ("defendants"), violated 42 U.S.C. § 1983 as well as the Fair Credit Reporting Act ("FCRA"). Before the Court is defendants' fully-briefed motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 8.) For the reasons that follow, that motion is GRANTED, and plaintiff is given thirty days from the date of this Order to file any Amended Complaint.

---

[1] This action was originally assigned to the Honorable Jack B. Weinstein and transferred in error to the undersigned. At the time of transfer, this *pro se* plaintiff had pending in this court multiple actions against different banks based on complaints that, like here, alleged violations of § 1983 and the FCRA. *See Nguyen v. Ridgewood Savings Bank et al.*, 14-CV-1058; *Nguyen v. JPM Chase Bank et al.*, 14-CV-3464; and *Nguyen v. Santander Bank, et. al.*, 14-CV-3989. All of those cases are assigned to Judge Margo K. Brodie pursuant to Rule 50.3.1(e)(2) of this court's Guidelines for the Division of Business Among District Judges. ("In the interest of judicial economy, the following categories of civil cases shall be deemed to be 'related' without further order of the court: . . . (2) all pro se civil actions filed by the same individual . . . .") As such, this action should have been re-assigned from Judge Weinstein to Judge Brodie. However, in an effort to expedite resolution of this action, the undersigned will handle this action only, with the understanding that all future actions filed by this plaintiff shall be assigned to Judge Brodie pursuant to the court's division of business rule.

## BACKGROUND[2]

In his complaint, Nguyen alleges, in general terms, that defendants violated 42 U.S.C. § 1983 and the FCRA. (Compl. (Doc. No. 1) at 1–2 (ECF pagination).) Nguyen seeks six trillion dollars and one cent in damages. He includes no supporting factual allegations apart from claiming that Bank of America was responsible for "causing [him] severe and extreme financial injuries; for using deceptive practices and frauds against [his] account(s); for causing [him] mental and physical damages, for causing [his] 'deadly' cardiac problem; suffering emotional and mental distress; for depriving [his] the right to life, liberty and the pursuit of happiness, and the rights guaranteed by many statutes." (Compl. at 2.)

Nguyen attaches to his complaint an enigmatic collection of documents. They include several letters he wrote to Bank of America, a number of bank account statements, some press clippings, letters from some of his former students (Nguyen apparently teaches math in a Brooklyn public school), an SAT registration confirmation, and a mathematical analysis of the damages that he requests. The attachments are internally inconsistent, but they appear to center on Bank of America either closing his accounts or providing him with less credit than Nguyen believes that he deserves. (*See* Compl. at 26 ("That's why I am now having a cardiac problem that is probably, in part (largely), caused by the 'illegal' closing of those 2 accounts as I found

---

[2] Nguyen has filed a number of similar *pro se* actions in the Eastern District against different banks based on complaints that, like here, alleged violations of § 1983 and the FCRA, but that were bereft of specific factual allegations. One of those actions, *Nguyen v. Ridgewood Savings Bank et al.*, 14-CV-1058, was originally before Judge Weinstein, who recused himself after the defense filed its motion to dismiss, whereupon the case was reassigned to the Honorable Margo K. Brodie. Two subsequently-filed cases were then immediately assigned to Judge Brodie: *Nguyen v. JPM Chase Bank et al.*, 14-CV-3464, and *Nguyen v. Santander Bank, et. al.*, 14-CV-3989. On September 17, 2014, Judge Brodie held a pre-motion conference at which Nguyen and attorneys for JPMorgan and Santander appeared. From the bench, Judge Brodie orally dismissed those complaints with leave to amend, and Nguyen has since filed amended complaints in each case. Ridgewood's motion to dismiss has already been filed and remains pending before Judge Brodie. Yet another Nguyen action before Judge Brodie is *Nguyen v. China National Offshore Oil Corp.*, 14-CV-3327, which alleges violations of § 1983 and the United Nations Convention on the Law of the Sea. Counsel for China National appeared at the September 17th conference, and Judge Brodie dismissed that complaint with prejudice for failure to state a claim, concluding that any amendment would be futile. Nguyen has since filed a notice of appeal from the judgment of dismissal.

out, but not surely [sic], sometimes in 2012 [sic] at a BOA branch on Flatbush Avenue in Brooklyn.").) In his letters to Bank of America, Nguyen initially claimed that two of his accounts were improperly closed, (*id.* at 8), then he claimed that the account number for one of his accounts was changed, (*id.* at 26), and finally he claimed that Bank of America misreported his available credit on three accounts. (*Id.* at 38.)

In November 2013, when Nguyen checked his account ending in 5233, the account number had been changed to a number ending in 1119. (*Id.* at 26.) He noticed, too, that he did not have $33,000 in credit, which he believed should have been available. On November 6, 2013, Nguyen phoned Bank of America, and he also complained to the United States Consumer Financial Protection Bureau. (*Id.*) Nguyen attaches additional documents and information to his complaint that do not reasonably appear to concern any possible claim under the FCRA or § 1983. In addition, since completion of briefing on this motion, Nguyen has filed in this action additional information and arguments, the bulk of which are directed to Judge Brodie and relate to his other pending cases

**LEGAL STANDARD**

In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* At this stage, when considering a motion to dismiss, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *Id.* (citations omitted). In other words, the Court holds *pro se* pleadings to a less exacting standard than pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

Nguyen appears to be suing Bank of America under the FCRA in its capacity as a "furnisher" of his credit information, which would bring his claim within the scope of 15 U.S.C. § 1681s-2. "Section 1681s-2(a) prohibits furnishing, to a credit reporting agency, any information that the person knows is inaccurate or consciously avoids knowing is inaccurate." *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623 at *3–4 (E.D.N.Y. May 16, 2005). Subsection (a) prohibits supplying "any information to a credit reporting agency if the furnisher of information is informed by the consumer that the information is inaccurate. Moreover, if a person learns that any reported information is inaccurate, subsection (a) obligates that person to notify the credit reporting agency of the inaccuracies, and to provide corrections for any incomplete or inaccurate information." *Id.*

However, there is no private right of action for claims under § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(d); *Elmore v. North Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 340–41 (S.D.N.Y. 2004); *Kane*, 2005 WL 1152623, at *3 ("It is by now well established that an individual consumer may not bring a cause of action for the violation of Section 1681s-2(a), since the Act provides that '[s]ubsection (a) . . . shall be enforced exclusively under § 1681s of this title by the Federal agencies and officials and the State officials identified in that section.") (citations omitted); *see also Ogunmokun v. American Educ. Services/PHEAA*, No. 12-CV-4403 (RRM), 2014 WL 4724707, at *7 n.15 (E.D.N.Y. Sept. 23, 2014). Nguyen therefore cannot bring a claim under 15 U.S.C. § 1681s-2(a).

Subsection (b) of § 1681s-2 governs a furnisher's duties upon receiving notice from a credit reporting agency that there has been a dispute concerning the accuracy of information in the agency's possession Similarly, no private right of action exists under this subsection. *See* 15 U.S.C § 1681s-2(b); *Kane*, 2005 WL 1152623, at *4–5; *Mendy v. JP Morgan Chase & Co.*, No. 12-CV-8252 (PGG), 2014 WL 1224549, at *5 (S.D.N.Y. Mar. 24, 2014). And in addition, Nguyen fails to allege that he ever submitted a dispute to a credit reporting agency. There is no basis, then, for concluding that Bank of America was notified by a credit reporting agency of any dispute, or violated any of its duties under the FCRA. Nguyen's claims under the FCRA are therefore dismissed.

Nguyen also fails to state a viable civil rights cause of action. Importantly for present purposes, "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Alsaifullah v. Travis*, 160 F. Supp. 2d 417, 420 (E.D.N.Y. 2001) (quoting *Skyes v. James*, 13 F.3d 515, 519 (2d. Cir. 1993)) (quotations omitted). Moreover, civil rights claims under § 1983 need to be stated with

particularity – broad or conclusory accusations will not be sufficient to withstand a motion to dismiss. *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

In pressing his § 1983 claim, Nguyen invokes rights enumerated in the Declaration of Independence – namely, to "life, liberty, and [the] pursuit of happiness." (Compl. at 2.) But Nguyen provides no factual allegations explaining specifically how defendants deprived him of those rights. And while those rights certainly represent important American values, they are not part of the Constitution, and there is no private right of action to enforce the Declaration of Independence. *See Petitio v. Hill*, No. 04-CV-4493 (SJF), 2007 WL 1016890, at *11 (E.D.N.Y. Mar. 26, 2007); *Parola v. Internal Revenue Service*, No. 98-CV-7179 (JG), 1999 WL 1215557, at *7 (E.D.N.Y. Dec. 15, 1999) (citing *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y.1996)) ("Although the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments."). As such, Nguyen's § 1983 claim is dismissed as well.

## LEAVE TO AMEND

Rule 15(a) contemplates that courts will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted – particularly for *pro se* litigants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Petrone v. Hampton Bays Union Free Sch. Dist.*, No. 09-CV-4303 (RRM), 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011) ("The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs.").

Nguyen is therefore granted leave to amend his complaint to state a valid cause of action. The amended complaint must include a statement of claim that does not merely rely on legal conclusions, and must provide facts to support each claim. *See* Fed. R. Civ. P. 8. Nguyen must

also provide the dates and locations of all relevant events, and identify the specific provisions of law upon which he bases his claims. If Nguyen files an amended complaint, the document must be captioned "Amended Complaint" and bear docket number 14-CV-1243. The amended complaint must be filed with the Court within thirty (30) days from the date of this Memorandum and Order. Nguyen's failure to comply will result in dismissal of the action without prejudice and closure of the case.

## CONCLUSION

For the foregoing reasons, the motion to dismiss of defendants Bank of America and Brian Moynihan, (Doc. No. 8), is hereby GRANTED. Nguyen is granted leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* plaintiff Nguyen and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       January 5, 2015

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge