UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THOMAS NGUYEN,

       Plaintiff,

   -- against --

BANK OF AMERICA and BRIAN
MOYNIHAN,

       Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1243 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Thomas Nguyen, proceeding *pro se*, commenced this action on February 26, 2014 against defendants Bank of America and its Chief Executive Officer, Brian Moynihan. The Court granted defendants' motion to dismiss on January 5, 2015, finding that plaintiff had failed to state a claim under the Fair Credit Reporting Act ("FCRA") or 42 U.S.C. § 1983. In light of plaintiff's *pro se* status, the Court granted him leave to amend within thirty days. (1/5/15 Memorandum & Order (Doc. No. 22).)

    Plaintiff filed an amended complaint on January 23, 2015 alleging causes of action under the FCRA, the Dodd-Frank Act, and 42 U.S.C. § 1985, and seeking $900 trillion dollars and one cent in damages. (Am. Compl. (Doc. No. 23) at ¶ IV.) Before the Court is defendants' fully briefed motion to dismiss the amended complaint.[1] For the reasons set forth below, defendants' motion is granted.

---

[1] After the motion was fully briefed, plaintiff filed an additional letter in opposition, (Doc. No. 34), to which defendants responded, (Doc. No. 35). Plaintiff then filed two additional letters. (Doc. Nos. 36, 37.) The additional filings have been considered and do not affect the outcome of the motion.

## BACKGROUND

Allowing plaintiff's amended complaint the benefit of a liberal construction, it can most plausibly be read to allege the following facts regarding defendants.[2] Bank of America is a corporation incorporated under the laws of the state of Delaware and licensed to do business nationally. (Am. Compl. (Doc. No. 23) at ¶ II.) Bank of America currently has many office branches in Brooklyn and throughout the city of New York. (*Id.*) Moynihan is a lawyer, and the Chairman, President, and CEO of Bank of America. (*Id.*) In or about 2007, plaintiff acquired a $51,800 total credit line with Bank of America. (*Id.* at ¶ 1(iv).) Specifically, in or about the end of 2006 and beginning of 2007, Bank of America gave plaintiff a $26,500 line of revolving credit account (the "0189 Account") and a credit card account with a $10,300 credit line (the "1119 Account"). (*Id.* at ¶ 2.) Then, on or about February 19, 2007, plaintiff opened a GoldOption account with Sovereign (now Santander) with a credit line of $15,000 (the "2489 Account),

---

[2] Plaintiff includes a whole host of rambling and implausible allegations as part of his amended complaint, which the Court does not consider. (*See, e.g.*, Am. Compl. at ¶ 3 (stating that Bank of America "is an evil doer who violated, BREACHED and burned their own contract . . ."); *id.* at ¶ 8 (stating that defendants committed "[unfair, deceptive, abusive] act(s) or practice(s) against plaintiff's accounts forcing plaintiff gradually into a life of hell for so many years . . ."); *id.* at ¶ 15 ("It is clear without a doubt there must be a massive conspiracy nationwide to force plaintiff into financial injury(s) and destitution (modern day SLAVERY), to destroy plaintiff's life (via his physical body, the most fundamental property of a natural person) by inflicting cardiac problems, physical, psychological, and neurological damages.").)

The amended complaint also sets forth a variety of allegations against parties not named here, and allegations those will not be considered. (*See, e.g.*, *id.* at ¶ 7 (claiming that China Airlines conspired to commit attacks against American citizens and that Senator Mitch McConnell's wife attempted to impede the subsequent investigation); *id.* at ¶ 9 ("Tom Jordan probably triggered their conspirator, Experian to giving plaintiff a life of hell and modem financial slavery; and simultaneously sent plaintiff a suspicious, terrorizing, and threaten letter."); *id.* ("[T]he United States Patent and Trademark Office (USPTO) completely dodged and avoided plaintiff's questions related to GoldOption® via emails beginning on or about 11/1/14.").)

Finally, plaintiff attempts to incorporate into the amended complaint a paragraph contained in his amended complaint in a separate action in this court pending before Judge Margo K. Brodie which is not relevant to the parties in this lawsuit and will not be considered. (Am. Compl. at ¶ III (attempting to incorporate paragraph 18 of the amended complaint in *Nguyen v. Ridgewood Savings Bank*, 14-CV-1058 (MKB) (RLM)).) The court also notes, as it did in its previous Memorandum and Order entered in this case, that this matter was erroneously assigned to the undersigned rather than to Judge Brodie pursuant to Rule 50.3.1(e)(2) of this court's Guidelines for the Division of Business Among District Judges, and all future actions filed by this plaintiff shall be properly assigned pursuant to that rule. *See* Memorandum and Order, Doc. No. 22, at n.1.

which is serviced by Bank of America. (*Id.* at ¶ 4.) The $51,800 total of these three accounts is "contradictory to" Bank of America's "fraudulent incorrect, inaccurate UNFAIR number of around $26,000." (*Id.* at ¶ 2; *see also id.* at ¶ 13(iii) ("DEFENDANTS fraudulently, deceptively and unfairly fabricated the non-sense and abusive equation $26,000 =? $51,800.").)

Additionally, plaintiff alleges that in or about June 2007, he went to a Bank of America branch to make a $1,000 payment to the 2489 Account, but Sovereign claimed it never received the payment. (*Id.* at ¶ 5.) A few weeks later, plaintiff called back and spoke with a manager who stated that they had received the money. (*Id.*) "To this day, PLAINTIFF does not know for sure that the money was forwarded to [the 2489 Account] or returned back to plaintiff. . . . And on the contrary, there seemed to be 'MONKEY BUSINESS' going on among [Bank of America]/FIA/Sovereign (Santander) with respect to plaintiff's GoldOption® accounts." (*Id.*) Bank of America mislead plaintiff in so far as the accounts were in perfect standing "at the time, then at least $50,000 was always at plaintiff's disposal, control, and easy access." (*Id.* at ¶ 21.) On or about December 3, 2013, plaintiff sent complaints against Bank of America to the Consumer Financial Protection Bureau, though he does not specify the contents of those complaints. (*Id.* at ¶ 1(vi).)

The only allegations made with respect to Moynihan are that (1) he is a lawyer and the Chairman, President, and CEO of Bank of America and FIA Card Services, and (2) "he was very much aware of the GoldOption®, the [outright fraud], the oppression and assassination of [plaintiff's] FINANCIAL life via [his] BOA accts, etc." (*Id.* at ¶ 4.)

## DISCUSSION

Plaintiff claims that based on the foregoing defendants have violated the FCRA, the Dodd-Frank Act, and 42 U.S.C § 1985.

Plaintiff does not specify which provision of the FCRA defendants allegedly violated, referring only to 15 U.S.C. § 1681 *et seq.*, and §§ 1681n and 1681o, the damages provisions. As noted in the Court's January 5 decision, plaintiff appears to be suing Bank of America under the FCRA in its capacity as a "furnisher" of his credit information, which would bring his claim within the scope of § 1681s-2. "Section 1681s-2(a) prohibits furnishing, to a credit reporting agency, any information that the person knows is inaccurate or consciously avoids knowing is inaccurate." *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *3–4 (E.D.N.Y. May 16, 2005). Subsection (b) of § 1681s-2 governs a furnisher's duties upon receiving notice from a credit reporting agency that there has been a dispute concerning the accuracy of information in the agency's possession.

Plaintiff has not alleged facts that bring this action within the scope of either section. Although he repeatedly alleges that Bank of America's calculations are contradictory and fraudulent, (Am. Compl. at ¶ 2), and that defendants had "done 'REPORTS' with incomplete and inaccurate info about plaintiff's accts for years," (*id.* at ¶ 13(i)), he never claims that Bank of America furnished this information to anyone, or that he submitted a dispute to a credit reporting agency. Furthermore, as noted in the Court's January decision, it is well-established that there is no private cause of action under § 1681-s2(a). *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012).

Plaintiff's Dodd-Frank claims fare no better. First, as with 15 U.S.C. § 1681s-2(a), the applicable Dodd-Frank provisions contemplate governmental, not private, enforcement. *See* 12 U.S.C. 5531; *see also Beider v. Retrieval Masters Creditors Bureau, Inc.*, No. 14-CV-6563 (DRH) (ARL), 2015 WL 7454119, at *5 (E.D.N.Y. Nov. 24, 2015) ("The Court is not aware of any language of Dodd–Frank explicitly providing for a private cause of action for unfair,

deceptive, or abusive acts or practices. . . . Moreover, courts have commonly declined to read private causes of action into provisions of Dodd–Frank that do not explicitly provide for them.") (citations omitted); *Regnante v. Secs. & Exch. Officials*, No. 14-CV-4880 (KPF), 2015 WL 5692174, at *7 (S.D.N.Y. Sept. 28, 2015) (collecting cases).

Plaintiff also fails to plead sufficiently any unfair act or practice Bank of America or Moynihan engaged in that violated the Dodd-Frank Act, aside from reaching a different conclusion with respect to the sum of his bank accounts. Even his allegations regarding the $1,000 deposit at Sovereign center on the wholly equivocal statements that he "does not know for sure that the money was forwarded to [the 2489 Account] or returned back to [him]. . . . And on the contrary, there seemed to be 'MONKEY BUSINESS' going on . . . ." (Am. Compl. at ¶ 5.) Such failures in pleading are fatal to any Dodd-Frank claim.

Finally, plaintiff attempts to assert a claim under 42 U.S.C. § 1985. In order to state a cause of action under § 1985, a plaintiff must allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 380–81 (E.D.N.Y. 2013) (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir.1999)). Although plaintiff's amended complaint alleges various conspiracies, it does so without any factual specificity, and facts supporting the other elements of a § 1985 cause of action are wholly absent. His claim must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, (Doc. No. 29), is hereby GRANTED and the current action is dismissed with prejudice. The Clerk of Court shall enter Judgment accordingly, mail a copy of this Memorandum and Order and the accompanying to *pro se* plaintiff Nguyen, note the mailing on the docket, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 6, 2016

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge